UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DAMON A. McFARLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 4:15-CV-085 WL |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Damon A. McFarland, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-04-118) where the Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery w/ Serious Injury in violation of A-102 on April 20, 2015. As a result, he was sanctioned with the loss of 157 days earned credit time and demoted to Credit Class 2. McFarland lists four grounds in his petition, but all of them are merely different ways of asserting that there was insufficient evidence to have found him guilty.

In Ground One, McFarland argues that the conduct report inaccurately states that he can be seen on camera assaulting another inmate. In Ground Two, he argues that when the DHO reviewed the video, it only showed him entering and exiting another inmate's cell – no assault can be seen on the video. In Ground Three, he argues that the victim testified that he "Don't know nothing." DE 1 at 8. In Ground Four he argues that there was no evidence of his guilt.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report explains that:

> On April 12, 2015 at approximately 16:25 I Lt McCord was looking at the cameras on the ¾ side of N-Unit, when I noticed Offender McFarland Daman #109097 N-449 enter Offender Stewart's Cell N-443/444 and start assaulting Offender Stewart in his cell. Offender Stewart was located by the range officer and a signal 3000 was call and Offender Stewart was sent to OSB II where he will need stitches and his finger on his right hand might be broke.

DE 1 at 4. The Video Review Report states:

> It can be viewed on DVR, on 4/12/15 at approx. 1429pm offender McFarland can been seen going up to cell 449/450 in NHU. He puts boots on and walks down to cell 443/444 and looks in the cell. Offender McFarland then walks back toward his cell 449/450 and licks his hand and whips the bottom of his boots off and then takes his shirt off and goes into cell 443/444, where offender Stewart is waiting on him. Offender McFarland enters cell 443/444 at 1429pm, it isn't until 1437pm McFarland can be seen exiting cell 443/444 and walks down to the sink, then walks out of camera view wearing black boots and a jumpsuit folded down to his waist toward the showers. Offender McFarland can be seen in camera view at 1445pm in his boxers carrying items to his cell 449/450.

DE 1 at 10. Based on this evidence, it was not arbitrary to have found McFarland guilty. He is seen entering (and 8 minutes later exiting) the cell of an inmate who was then found with an injured hand and in need of stitches. This is some evidence that McFarland assaulted that inmate while he

2

was in the cell. Though there are other less likely ways that those injuries could have been sustained, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

For these reasons, the court **DENIES** the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: March 29, 2016

                                                         s/William C. Lee
                                                         William C. Lee, Judge
                                                         United States District Court